Robert F. Winne, Esq. Village Attorney, Rhinebeck
You have asked whether the positions of village trustee and member of a village planning board are compatible.
The Village Law prohibits a person from simultaneously holding an elective and an appointive village office except no more than two village trustees may be members of each board and commission (Village Law, §3-300[3]). The provisions of law governing the membership of the planning board state that officials of the village who are members of the board do not by reason of such membership
 "forfeit their right to exercise the powers, perform the duties or receive the compensation of the municipal office held by them during such membership" (id., § 7-718).
These two provisions appear to authorize the membership of a member of the village board of trustees on the village planning board.
In any event, in our view there is no incompatibility between the two offices. In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is People ex rel. Ryan v Green, 58 N.Y. 295
(1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
A village is not required to have a planning board. The village board of trustees may perform the functions that otherwise would be performed by the planning board (see 1979 Op Atty Gen [Inf] 147, 148). It follows that there is no conflict between the duties of the two positions nor is one position subordinate to the other.
We conclude that the positions of village trustee and member of a village planning board are compatible.